**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4065

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISIDRO ANTONIO CRUZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:19-cr-00503-BO-1)

Submitted: December 30, 2021                    Decided: January 24, 2022
                    Amended: January 24, 2022

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

M. Linsay Boyce, DYSART WILLIS HOUCHIN & HUBBARD PLLC, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isidro Antonio Cruz pleaded guilty, without a written plea agreement, to possessing with the intent to distribute 50 or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Cruz to 132 months' imprisonment and 4 years of supervised release. On appeal, Cruz's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the plea was voluntary, whether the sentence is reasonable, and whether trial counsel rendered ineffective assistance at sentencing. Cruz has filed a pro se supplemental brief contending that trial counsel promised him he would receive a 60-to-72-month sentence. For the reasons that follow, we affirm Cruz's conviction, vacate his sentence, and remand for resentencing.

We turn first to the validity of Cruz's guilty plea. Before accepting a guilty plea, the district court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Cruz did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the

2

error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Here, the record reveals that, although the district court did not discuss a number of the rights Cruz was waiving by pleading guilty, these Rule 11 errors did not affect Cruz's substantial rights. Moreover, we conclude that Cruz's claim of ineffective assistance of counsel is not cognizable on direct appeal because ineffectiveness does not conclusively appear on the face of the record. *See United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Accordingly, we conclude that Cruz's guilty plea is valid.

We turn next to Cruz's sentence. We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing a sentence for procedural reasonableness, we "ensure that the district court committed no significant procedural error." *Id.* at 51. Here, although the district court failed to explain the sentence it imposed, we review this issue only for plain error because the district court imposed a sentence below the one Cruz requested. *See United States v. Lynn*, 592 F.3d 572, 576-78 (4th Cir. 2010). Because the district court imposed a sentence below the Sentencing Guidelines range, Cruz has not demonstrated that this error affected his substantial rights. Turning to the substantive reasonableness of Cruz's sentence, "[a]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a

presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* We conclude that the below-Guidelines sentence is substantively reasonable, particularly given that Cruz requested a sentence within the Guidelines range.

However, our review of Cruz's sentence identifies one meritorious issue. When announcing the terms of supervised release during the sentencing hearing, the district court listed only a few conditions. In its written judgment, however, the court included the statutorily imposed mandatory conditions, 13 "standard" conditions, and several special conditions that the court did not announce during the sentencing hearing.

While a district court need not orally pronounce all mandatory conditions, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). The district court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by reference to, for example, the standard conditions recommended by the Guidelines. *Id.* at 299. Here, the district court failed to orally pronounce the standard conditions and several of the special conditions imposed in the written judgment. Moreover, the court did not incorporate those conditions by reference to the Guidelines or otherwise notify Cruz that he would be subject to any discretionary conditions beyond those announced at the sentencing hearing.

We recently clarified that the appropriate remedy when the district court fails to announce discretionary conditions of supervised release that are later included in the written judgment is to vacate the sentence and remand for a full resentencing. *See United*

4

*States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021). Because the sentence was not properly imposed, we do not address any other potential issues raised by counsel or Cruz related to Cruz's sentence at this juncture. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).

In accordance with *Anders*, we have reviewed the entire record, and we have found no other meritorious grounds for appeal. Accordingly, we affirm Cruz's conviction, vacate his sentence, and remand for resentencing.

This court requires that counsel inform Cruz, in writing, of the right to petition the Supreme Court of the United States for further review. If Cruz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cruz. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*